# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO MARIA DEL CARMEN,<br><br>                   Plaintiff,<br><br>v.<br><br>KIA AMERICA, INC., et al.,<br><br>                   Defendants. | Case No.: 22-cv-00252-JO-JLB<br><br>**ORDER:**<br><br>(1) **GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER; AND**<br><br>(2) **ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 8; 14]** |

Before the Court is the parties' Joint Motion to Amend Scheduling Order. (ECF No. 14.) Good cause appearing,[1] the parties' joint motion (ECF No. 14) is **GRANTED**, and the Scheduling Order (ECF No. 8) is amended as follows:

---

[1] The parties failed to address excusable neglect for filing less than 7 calendar days in advance of the May 31, 2022 expert designation and disclosure deadline, as required under Judge Burkhardt's Chambers Rules. J. Burkhardt Civ. Chambers R. § IV.A. The parties are cautioned against further failure to comply with Judge Burkhardt's Chambers Rules.

1. All fact discovery must be completed by all parties by **September 2, 2022**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**

The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. The parties must designate their respective experts in writing by **July 8, 2022**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **August 5, 2022**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

3. By **July 8, 2022**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of

expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **August 5, 2022**.

5. All expert discovery must be completed by all parties by **September 2, 2022**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **September 30, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Deadlines for filing motions in limine will be set by the district judge at the final Pretrial Conference.

8. When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

9. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

10. The dates and times set forth herein will not be modified except for good cause shown.

11. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge.

Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

12. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

13. This Order does not modify any other date, deadline, or requirement set forth in the Scheduling Order (ECF No. 14).

**IT IS SO ORDERED.**

Dated: June 10, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge